*489 OPINION.
Smith :
The question presented by this proceeding is whether the gift made by the decedent on August 1, 1918, of three certificates for 4,000 shares each of stock of the George W. Dulany Trust assigned to and delivered to the decedent’s wife, daughter, and son, respectively, was a gift “ intended to take effect in possession or enjoyment at or after” decedent’s death within the meaning o.f section 402(c) of the Revenue Act of 1921. The stipulation signed by counsel for the petitioner and respondent upon this point reads:
On August 1, 1918, the decedent transferred his interest in the trust, consisting of 12,000 shares, as a gift to the following:
Shares
Fanny W. Dulany (wife)- 4,000
Clifton D. Lingo (daughter)_ 4,000
George W. Dulany, Jr. (son)_ 4,000
Total_ ... 12,000
*490 The shares so given were delivered to and accepted by the donees.
The evidence is to the effect that the decedent on August 1, 1918, was on the retired list permanently; that he was satisfied with the way his affairs had been conducted for several years; that he realized he was through with active business; that he had taken care of the members of his family for many years and made fortunes for them and he expected them to take care of him for the rest of his life. His only property at the time, aside from a cash balance in the bank, consisted of the certificates of beneficial interest in question. In his own handwriting he assigned these certificates to his wife, daughter, and son, respectively, and delivered them to the assignees. They were delivered as a gift and accepted by the donees as such. All of the donees appear to have been surprised at the receipt of the certificates. The mother sent her certificate to her son, who attended to the business affairs of the family. The daughter offered to send on her certificate to her brother but was advised by him to keep it until he should determine what should be done. The son was in some quandary as to whether the shares of stock represented by the certificates should be transferred on the books of the trust. His father had no income except from the shares of stock. All three donees had large holdings in the George W. Dulany Trust from which they were receiving large incomes. He considered that the family must take care of the father and provide him with an income. He therefore continued to credit his father with the dividends which became payable upon the shares of stock represented by the assigned certificates. This was without any objection from his mother and sister.
The respondent contends that from the fact that the decedent continued to be credited with the dividends which were declared upon the shares represented by the assigned certificates until after his death, the gift was to take effect in possession and enjoyment after the death of the decedent. The stipulation is to the effect that the decedent transferred his interest on August 1, 1918, consisting of the 12,000 shares in question, as a gift to his wife, daughter, and son, respectively; that the shares so given were delivered to and accepted by the donees. The evidence amply supports the stipulation. The fact that the son was reluctant to transfer the shares upon the books of the trust does not in our opinion change the fact that the gift made by the decedent was an absolute gift of the shares and that his property in the shares was then transferred to the donees. The donees had the beneficial use in the property from the date of the transfer had they chosen to exercise it. The income from the shares was the donees’ income just as much as though they had received the income in the first instance and paid it over to the decedent. Upon *491 the stipulation filed in the case and upon the evidence of record the contention of the petitioner that the value of the assigned certificates was not a part of the gross estate of the decedent is sustained.
Reviewed by the Board.

Judgment will be entered under Rule 50.